### Kedigh v. Stone Creek Brick Co.
*[Cite as 8 AOA 226]*

*Case No. 90AP020014*

*Tuscarawas County, (5th)*
*Decided December 19, 1990*

*Douglas J. O'Meara, 128 North Broadway,*
*P.O. Box 543, New Philadelphia, Ohio 44663,*
*for Plaintiff-Appellant.*

*Jon C. Flinker, 25550 Chagrin Blvd., Suite*
*202, Beachwood, Ohio 44122, for Defendant-*
*Appellee.*

GWIN, J.

Plaintiff-appellant, Richard F. Kedigh (appellant), appeals from the judgment entered in the Tuscarawas County Court of Common Pleas, wherein the court granted defendant-appellee's, Stone Creek Brick Company (appellee), motion for summary judgment after finding that reasonable minds could only conclude from the evidence submitted on said motion that appellee's discharge of appellant from employment was not in retaliation of appellant's pursuit of workers' compensation benefits. Although appellant raises seven "propositions of law" on this appeal, we read these collectively as an assignment of error that the trial court erred in granting summary judgment because genuine issues of material fact existed.

I

On May 18, 1987, appellant filed a workers' compensation claim against appellee alleging that he injured his back in the course of and arising from his employment with appellee. Appellant's claim was administratively allowed.

Upon appellee's request, an orthopedic doctor, David W. Smith, examined appellant and opined on May 12, 1988, that appellant was "not suited for the job for which he has been employed as a 'brick hacker.'" Upon receiving Dr. Smith's report, appellee terminated appellant's employment by letter dated June 21, 1988, stating:

"Based upon the medical report from Doctor David Smith of May 12, 1988 and your medical history, we have concluded that there is little or no likelihood of your ever sufficiently recovering to be able to return and fully assume the duties of your previous job. Accordingly, we are terminating your employment, effective today.

"We recognize that you are still interested in returning to work. However, The Stone Creek Brick Company has a legal responsibility to operate its plant safely and to act reasonably in seeing to it that its employees are not injured on the job. In light of your medical condition and the strong likelihood of your re-injuring yourself, Stone Creek would not be acting responsibly if it were to allow you to return to work."

On November 14, 1988, appellant filed a complaint against appellee claiming that his discharge violated R.C. 4123.90 because it was in retaliation for his filing of the workers' compensation benefits.

R.C. 4123.90 provides in pertinent part:

"No employer shall discharge, demote, reassign, or take any punitive action against any employee because the employee filed a claim or instituted, pursued or testified in any proceedings under the workers' compensation act for an injury or occupational disease which occurred in the course of and arising out of his employment with that employer."

In ruling upon appellee's motion for summary judgment, the trial court had before it, *inter alia,* the affidavit of appellant, the affidavits of three former employees of appellee (Lynn Beit-zel, Roger Rothacher, and Jeff Caley), the affidavit of Dr. Henry Schrickel, and the report of Dr. David Smith.

When reviewing motions for summary judgment pursuant to Civ. R. 56, "[t]he inferences to be drawn from the underlying facts contained in the affidavits and other exhibits must be viewed in the light most favorable to the party opposing the motion, and if when so viewed reasonable minds can come to differing conclusions the motion should be overruled." *Hounshell v. American States Ins. Co.* (1981), 67 Ohio St. 2d 427, 433.

We conclude that upon review of the evidence in support of and in opposition to appellee's motion for summary judgment, reasonable minds can come to differing conclusions whether appellee's termination of appellant's employment was in retaliation for

appellant's pursuit of workers' compensation benefits, in violation of R.C. 4123.90.

Appellant and the above three former employees all stated in sworn affidavits that between May and November of 1988, they were all terminated from appellee's employment solely because they filed for workers' compensation benefits for back injuries occurring while in the course of and arising from their employment with appellee. Affiants further stated that these retaliatory terminations did not begin until Harold Dye became General Manager of appellee. Dr. Henry W. Schrickel, a chiropractic physician, opined through sworn affidavit that appellant should "eventually be able to return to his prior position of employment."

On the other hand, it is essentially appellee's position that they allow injured employees to return to work if they have sufficiently recovered to fully perform all of their duties, that they do not terminate employees who have filed for workers' compensation benefits, and that appellant was terminated because be was physically unable to resume his job.

Although appellee's position and policy may be true, we find that appellant has presented sufficient operable facts which create a genuine issue of material fact, thus allowing appellant to survive summary judgment and permit adjudication of the issue of whether appellee's termination of appellant was in retaliation for appellant's filing for workers' compensation benefits.

Accordingly, we sustain appellant's assignment of error, reverse the judgment of the Tuscarawas County Court of Common Pleas, and remand this cause to that court for further proceedings according to law.

MILLIGAN, P.J., and SMART, J., concur.